UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY EDWARDS, | : | Case Number: 1:08-cv-815 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge J. Gregory Wehrman |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT THE EAJA FEE PETITION
FILED BY PLAINTIFF'S COUNSEL (Doc. 14) BE GRANTED,
AND THAT COUNSEL BE AWARDED $5,465.00 IN FEES AND COSTS**

This case is a Social Security disability benefits appeal under which this Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") and remanded to the ALJ for further administrative proceedings pursuant to 42 U.S.C. § 405(g), sentence four.  Seeking to be compensated for her work in obtaining the reversal and remand, plaintiff's counsel has filed a fee petition under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner of Social Security ("Commissioner") opposes the petition for fees.

The request for fees seeks recovery for 31 hours of work, at an hourly rate of $165.00 (Doc. 14-3 at 1) and costs in the amount of $350.00.  The Commissioner argues that no EAJA fees should be awarded to counsel because the government's litigation position was substantially justified. (Doc. 15).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

The EAJA provides that:

> [A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. The Commissioner does not argue that "special circumstances" exist, but does argue that the petition for fees should be denied because his prior litigation position was "substantially justified."

**II.**

The Supreme Court has defined "substantial justification" to mean that the Commissioner's position during litigation was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or that its position had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted); *Janovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner's litigation position during litigation can still be substantially justified even if a court ultimately finds its decision to be erroneous or not supported by substantial evidence. *See Pierce*, 486 U.S. at 566 n.2.; *see also United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, the Commissioner has the burden to show that its litigation position was substantially justified.

*Scarborough v. Principi*, 541 U.S. 401, 416, 124 S. Ct. 1856, 1867 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the Report and Recommendation ("R&R, "see Doc. 11) previously adopted by the presiding district judge (Doc. 12), the then- presiding magistrate judge[2] found that the ALJ's non-disability finding was subject to reversal and remand because the ALJ improperly evaluated and weighed the medical evidence. (Doc. 11 at 10-11, 15-16). The Commissioner filed no objections to the prior R&R.

In arguing that the Commissioner's prior position opposing reversal and remand was "substantially justified," the Commissioner invites this court to re-examine his prior legal position. In fact, comparing the Commissioner's current brief with his previously filed memorandum opposing reversal reveals that the Commissioner's arguments are *virtually identical* to those previously filed to support affirming the ALJ's non-disability finding. For example, the original Argument section contained the following heading: "Substantial evidence supports the ALJ's finding that Edwards did not meet the Listing for Mental Retardation." The current Argument section merely rewrites this heading to state that "The ALJ was substantially justified in finding that Edwards did not satisfy Listing 12.05(C).[3]

Despite the small variation in the headings, the arguments contained in the two memoranda are substantively identical. Of course, instead of urging this court to "affirm" the

---

[2]Then Magistrate Judge Timothy S. Black was subsequently elevated to District Judge, resulting in the reassignment of this case to the undersigned.

[3]The heading of the second argument is similarly slightly altered. The Commissioner wisely omitted his original third and fourth arguments - presumably because they were more fact-based and not simply because he neglected to cut and paste them into the more recently filed memorandum.

ALJ based upon "substantial evidence," the Commissioner has altered concluding sentences to now urge this court to find that "the ALJ was substantially justified."

The authority cited by the Commissioner in its prior memorandum - as reiterated in its opposition to the fee petition - was rejected by this court in the prior R&R for reasons that find no need for repetition here. The authority was originally cited in a failed attempt to persuade this court that the ALJ's position was supported by "substantial evidence." As such, the same authority is limited in its application to the issue at hand.

To the extent that the Commissioner cites the same cases merely to argue that his prior legal position was substantially justified, his arguments miss the mark. The cases simply do not speak to - much less support- the Commissioner's position that his prior legal arguments were "substantially justified." No authority has been cited that would support denying attorney's fees where: 1) the ALJ's decision was not supported by substantial evidence; and 2) the ALJ's decision was contrary to established Sixth Circuit case law as discussed in the prior R&R. Rather, the cited cases stand for the unremarkable position that a nondisability finding will be upheld based upon substantial evidence where the ALJ fully evaluates both the medical opinions and whether the plaintiff suffers any impairments, *see Cooper v. Com'r of Social Security*, 217 Fed. Appx. 450, 452 (6th Cir. 2007); *West v/ Com'r of Social Security Administration*, 240 Fed. Appx. 692, 698-99 (6th Cir. 2007); *Elam ex rel. Golay v. Com'r of Social Security*, 348 F.3d 124, 125-27 (6th Cir. 2008). By contrast in this case the ALJ summarily accepted one doctor's opinion without any explanation, and failed to specifically identify or evaluate some limitations and impairments.

In that sense, the case presented is similar to *Falconi v. Commissioner of Social Security,* Civil No. 1:08-cv-622, 2010 WL 1882270 (S.D. Ohio April 13, 2010).  There, this court awarded the plaintiff fees after concluding that the Commissioner's position was not substantially justified because the ALJ failed to properly consider and evaluate the medical evidence according to controlling regulations. *Id.*  Likewise, in this case the ALJ adopted a non-treating physician's opinion that the plaintiff was not mentally retarded under Listing 12.05(C) without any explanation whatsoever:

> [T]he ALJ provided <u>no explanation</u> as to why the opinion of Dr. Buban was entitled to greater weight than any of the opinions provided by other psychologists in the record.  He simply stated that the opinion of Dr. Buban was adopted....
>
> More importantly...Dr. Buban determined that if Plaintiff's IQ scores were determined to be valid, her impairments would equal the Listing requirements of 12.05(C)....Thus, if accepted, Dr. Buban's testimony <u>supports</u> a finding that Plaintiff's impairments meet or equal Listing 12.05(C).  The ALJ adopted Dr. Buban's findings, yet determined that Plaintiff did not meet the requirements of 12.05(C).

*See* Doc. 11 at 8-10 (emphasis original).  Applicable regulations *require* the ALJ to "always give good reasons" in the notice of determination or decision for the weight given to a medical opinion. 20 C.F.R. § 404.1527(d)(2).

Additionally, when considering whether the plaintiff satisfied the Listings 12.04 and 12.08, this court previously held that the ALJ also failed to "specifically identify and analyze Plaintiff's impairments with respect to Listings 12.04 and 12.08." Instead the ALJ committed clear error by accepting the incomplete and unsupported opinion of Dr. Buban without explanation. (Doc. 11. at 13-15).

In the only real variation from his previously filed memorandum in support of affirming the ALJ, the Commissioner offers the following argument to suggest that his prior legal position was "substantially justified" and that fees should not be awarded:

> The Court faulted the ALJ for failing to cite the relevant Listing by number. But the Court did not cite any precedent for this specific degree of articulation, and we are unaware of any. Accordingly, the Commissioner was substantially justified in finding that Edwards did not satisfy Listing 12.04 or 12.08.

Doc. 15 at 5.

While it is true that the prior R&R criticized the ALJ for failing to address "Listing 12.08," a review of the court's analysis makes clear that the ALJ's failure to articulate that listing *number* was neither the focus nor basis for the court's decision. Rather, the R&R explains that the ALJ erred by failing to recognize or discuss *at all* the ample evidence in the record that plaintiff may suffer from a personality disorder. *See* Doc. 11 at 15-16. That error was the third significant error noted by the court in favor of reversal and remand.

Given the extensive discussion in the prior 19-page R&R of the legal and factual errors made by the ALJ, the Commissioner's litigation position cannot be said to have been reasonable or substantially justified. Accordingly, EAJA fees should be awarded to counsel for her work in securing the reversal and remand.

To the extent that fees are awarded, the Commissioner's brief is silent concerning the hourly fee proposed, number of hours claimed, or the overall amount of claimed fees and costs. Having reviewed the petition, the undersigned accepts the proposed rate, $165.00, as reasonable. Likewise the court has reviewed the work conducted by counsel and finds that all such work was reasonable and relevant to the prosecution of this matter.

**III.**

Accordingly, the undersigned **RECOMMENDS** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 14) be **GRANTED**, and that counsel be **AWARDED** the total requested amount of **$5,465.00** in fees and costs.


DATE: August 11, 2010                                          s/ J. Gregory Wehrman
                                                               J. Gregory Wehrman
                                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY EDWARDS, | : | Case Number: 1:08-cv-815 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge J. Gregory Wehrman |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE REGARDING THE FILING OF OBJECTIONS TO THIS R & R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **14 DAYS** of that party's receipt of this Report and Recommendation. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).